UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ELIZABETH SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-82 |
| | ) | (Phillips/Shirley) |
| TOYOTA TSUSHO AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 15] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the Defendant's Motion to Amend Answer [Doc. 14].

The defendant Toyota Tsusho America, Inc. moves to amend its answer to assert an affirmative defense based on the exclusivity provision of the Tennessee Worker's Compensation Act. [Doc. 14]. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff failed to file a response to the defendant's motion within the time period required by E.D.TN. LR 7.1(a). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2.

For good cause shown, the Defendant's Motion to Amend Answer [Doc. 14] is **GRANTED.**

**IT IS SO ORDERED.**

                **ENTER:**

                s/ C. Clifford Shirley, Jr.
                United States Magistrate Judge